**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| JILL STEFFENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00158-DGK-SSA |
| | ) | |
| MARTIN J. O'MALLEY, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Jill Steffens' application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of migraine headaches, degenerative disk disease, Ehlers-Danlos syndrome, major depressive disorder, borderline personality disorder, and post-traumatic stress disorder, but she retained the residual functional capacity ("RFC") to perform medium work with restrictions, including work as an industrial cleaner, laundry worker II, and auto-detailer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.[1]

---

[1] Also pending before the Court is Plaintiff's motion for *in camera* review and for leave to supplement the administrative record with evidence of Midwest CES's ("Midwest") alleged misconduct. ECF No. 10. Plaintiff's motion is DENIED. The Court cannot consider evidence outside the administrative record. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." (cleaned up)); *Baker v. Barnhart*, 457 F.3d 882, 891 (8th Cir. 2006) (noting "evidence outside the administrative record generally is precluded from consideration by the court"). Accordingly, in reviewing the ALJ's decision, the Court will not consider extrinsic evidence of Midwest's alleged misconduct.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on March 19, 2020, alleging a disability onset date of September 19, 2019. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on March 2, 2022. On April 27, 2022, the ALJ issued a written decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on January 9, 2023, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek*, 139 S. Ct. at 1157 (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

# Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff challenges the Step Four and Five findings. At Step Four, Plaintiff alleges the ALJ's RFC is not supported by substantial evidence. At Step Five, Plaintiff alleges the ALJ did not address conflicts between the vocational expert's ("VE") testimony and the *Dictionary of Occupational Titles* ("DOT").

## I. Substantial evidence supports the ALJ's RFC.

Plaintiff makes three arguments at Step Four. First, Plaintiff argues the ALJ's physical RFC is not supported by substantial evidence because the ALJ discussed the consultative examination Midwest performed on Plaintiff and Midwest's ensuing report (the "Report") and failed to provide a function-by-function analysis as required by Social Security Ruling ("SSR") 96-8p. Second, Plaintiff argues the ALJ's mental RFC is not supported by substantial evidence because he did not account for Plaintiff's mental limitations. And third, Plaintiff argues the ALJ ignored Plaintiff's subjective complaints. Plaintiff's arguments are all without merit.

### A. Substantial evidence supports the ALJ's physical RFC.

#### 1. Discussion of the Report does not warrant remand.

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that she is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Case 4:23-cv-00158-DGK   Document 19   Filed 01/02/24   Page 3 of 10

Plaintiff argues the ALJ's discussion of the Report taints his opinion and renders his physical RFC unsupported by substantial evidence. The Commissioner contends remand is not necessary because the ALJ did not rely on the Report and, based on the record as a whole, the ALJ's decision is supported by substantial evidence.

Plaintiff's argument is unpersuasive. The ALJ wrote a sixteen-page, single spaced opinion, finding "[t]he claimant's sparse history of inconsistent, intermittent, and at least partially successful, generally conservative, treatment does not support allegations of disabling conditions." R. at 22. Based on the record, the ALJ limited Plaintiff to "medium exertional level work with postural limitations, and avoidance of exposures to temperatures and respiratory irritants in accommodation of her chronic migraines and joint pain, despite lack of recent treatment." R. at 26. At Step Four, it is Plaintiff's burden to show the ALJ's physical RFC is not supported by substantial evidence. *See King*, 564 F.3d at 979 n.2. Plaintiff has not made this showing.

While the ALJ cited the Report, he did not rely on the Report in formulating Plaintiff's physical RFC. The Report is cited only a single time during the ALJ's overview of Plaintiff's medical care and treatment. *See* R. at 24. But after citing the Report, the ALJ formulated Plaintiff's physical RFC based on her inconsistent and conservative treatment history and daily activities. *See* R. at 24–25. Notably absent from this discussion is any citation to the Report. *See* R. at 24–26. Stated differently, there is no evidence the ALJ directly relied on the Report when formulating Plaintiff's physical RFC.

Further, the ALJ found Drs. Debroy and McCall's medical opinions unpersuasive. R. at 26. Drs. Debroy and McCall reviewed Plaintiff's medical records—including the Report—at the initial and reconsideration levels and found Plaintiff did not suffer from any severe physical impairments. *See* R. at 764–65, 782. The ALJ found Drs. Debroy and McCall's findings

4

inconsistent with the evidence "describing a history of medical care for chronic pain, with imaging demonstrating disc disease, a disc bulge, and chronic lumbar radiculopathy." R. at 26. Thus, to the extent prior medical findings relied on the Report, the ALJ discounted them as unpersuasive and considered Plaintiff's medical record as a whole.

Thus, there is no evidence the ALJ directly or indirectly relied on the Report in formulating Plaintiff's physical RFC. And even if discussing the Report was error, it is harmless because the ALJ's opinion is supported by substantial evidence on the record as a whole. *See infra*.

### 2. A function-by-function analysis under SSR 96-8p is not required.

Plaintiff agues the physical RFC is flawed because the ALJ failed to assess her RFC on a function-by-function basis as required by SSR 96-8p, thus making it impossible to determine whether the ALJ intended to limit her ability stand, walk, or sit. The Commissioner contends a function-by-function analysis is not required.

The Eighth Circuit has repeatedly held an ALJ can comply with SSR 96-8p even if he does not make explicit findings with respect to each functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003); *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011) ("We review the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but we do not require an ALJ to mechanically list and reject every possible limitation."); *Nash v. Comm'r of Soc. Sec.*, 907 F.3d 1086, 1090–91 (8th Cir. 2018) (quoting *McCoy* and summarily rejecting the plaintiff's claim that the ALJ erred by not assessing his RFC on a "function-by-function" basis). Further, 20 C.F.R. § 416.967(c) sets forth the requirements for medium work in terms of the exertional functions of sitting, standing, walking, lifting, and carrying. The ALJ relied on the definition of "medium work" as contained in 20 C.F.R. § 416.967(c) when formulating Plaintiff's physical RFC. *See* R. at 19. This Court has made clear that "citing the regulatory requirements for [medium] work reflects a function-by-function analysis

5

because the findings address all functional areas." *Mink v. Berryhill*, No. 17-CV-06088-DGK-SSA, 2018 WL 3474087, at *2 (W.D. Mo. July 19, 2018). Accordingly, the ALJ did not err.

**B.      Substantial Evidence supports the ALJ's mental RFC.**

Plaintiff argues the ALJ's mental RCF is not supported by substantial evidence because the ALJ did not account for Plaintiff's moderate limitations in her ability to concentrate, persist, and maintain pace. More specifically, Plaintiff argues the ALJ's mental RFC is inconsistent with prior administrative medical findings. The Commissioner contends the ALJ properly considered those findings.

Plaintiff's argument is unpersuasive. The ALJ's finding that Plaintiff can "understand, remember, and carry out simple, routine tasks in low-stress work environments" is consistent with prior administrative medical findings. R. at 19. For example, Dr. Cottone's findings note Plaintiff is moderately limited but "capable of carrying out multi step and moderate instructions and had some ability for sustained concentration and persistence in simple and repetitive tasks" and "is capable of simple work." R. at 767, 771; *see also* R. at 773 (finding Plaintiff can "Understand, remember, carry out and persist at simple work-relevant tasks; Concentrate and work at a competitive work pace on simple tasks; Relate adequately to co-workers and supervisors; [and] [a]djust adequately to ordinary changes in work routine or setting"). Accordingly, the ALJ's findings were consistent with the medical record.

**C.      Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints.**

Plaintiff argues the ALJ failed to comply with the requirements of SSR 16-3p because she did not provide sufficient reasons for discounting Plaintiff's subjective reports about the intensity, persistence, and limiting effects of her impairments. Specifically, Plaintiff points to other evidence that could support a different conclusion.

SSR 16-3p states that an ALJ's RFC determination "must contain specific reasons for the weight given to the individual's [description of her physical impairments], be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's [description of her physical impairments]." SSR 16-3P, 2016 WL 1119029 at *9 (Mar. 16, 2016). In evaluating subjective complaints, an ALJ may consider the claimant's treatment and daily activities. *See Pierce v. Kijakazi*, 22 F.4th 769, 773 (8th Cir. 2022); *Wright*, 789 F.3d at 854.

The ALJ summarized Plaintiff's description of all her physical impairments, and then noted Plaintiff's conservative treatment history and ability to engage in a variety of daily activities were inconsistent with disabling symptoms. R. at 25.

As to Plaintiff's conservative treatment, the ALJ noted Plaintiff had not received regular medical care since October 2017 after being informed she did not require interventional pain management. R. at 24. Plaintiff's lumbar imaging between 2012 and 2021 consistently showed only mild disc bulging. R. at 24. In February 2021, Plaintiff was able to walk away from a car accident without aid of an assistive device and did not exhibit any strength or gait abnormalities at the emergency room following the accident. R. at 24. Plaintiff reported improved symptoms with medication and had not received recent care for her migraines. R. at 25.

The ALJ also found Plaintiff's activities of daily living were inconsistent with her subjective complaints regarding the intensity, severity, and limiting effects of her impairments. The ALJ noted Plaintiff "cared for her personal needs, performed light chores, assisted in caring for her children, and dr[ove]." R. at 25. Plaintiff also displayed an improved mood after cleaning her home and getting over 7,000 steps the previous day. R. at 24.

These are clearly articulated, specific reasons why the ALJ discounted Plaintiff's allegations, and they are supported by evidence in the record. Simply because the evidence may point to an alternate outcome—as Plaintiff claims—does not render the ALJ's opinion unsupported by substantial evidence. *See Buckner*, 646 F.3d at 556.

For the forgoing reasons, the ALJ did not err at Step Four.

**II.      Substantial evidence supports the vocational expert's testimony.**

At Step Five, Plaintiff argues the VE's testimony is not supported by substantial evidence because the ALJ failed to address apparent conflicts between the VE's testimony and the DOT. The ALJ presented the VE with a hypothetical consisting of Plaintiff's RFC limitations, including the ability to "understand, remember, and carry out simple, routine tasks in low-stress work environments" and "having only occasional decision-making and occasional changes in the work setting." R. at 19, 752. The VE testified that despite these limitations as well as the others from the hypothetical, the individual could still perform work as a photocopy machine operator provided the setting was interoffice rather than retail. R. at 752. In addition, the VE noted the individual could perform other representative jobs such as industrial cleaner, laundry worker II, and auto-detailer. R. 754. Each of these four jobs involves level two reasoning requiring "a worker to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions and to deal with problems involving a few concrete variables in or from standardized situations." *See Stanton v. Comm'r, Soc. Sec. Admin.*, 899 F.3d 555, 558 (8th Cir. 2018) (cleaned up). Plaintiff argues there is a conflict between the VE's testimony and the DOT because she cannot perform level two reasoning jobs when she is limited to understanding, remembering, and carrying out simple, routine tasks in low-stress work environments.

Plaintiff's argument is unpersuasive. Under SSR 00-4p, before an ALJ can rely on VE testimony, they "must identify and obtain a reasonable explanation for any conflicts between such evidence and the DOT." *Courtney v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 1000, 1003 (8th Cir. 2018) (cleaned up). But there is no conflict here. The limitations in Plaintiff's RFC have repeatedly been found to be consistent with jobs requiring level two reasoning. *See Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (finding no direct conflict between level two reasoning and "simple, routine and repetitive work activity at the unskilled task level"); *Gilbert v. Saul*, No. C18-2045-LTS, 2019 WL 4751552, at *19 (N.D. Iowa Sept. 30, 2019) (collecting cases). As such, there is no conflict between the VE's testimony and the DOT requiring further inquiry by the ALJ.

In addition, Plaintiff argues the photocopy machine operator job conflicts with ALJ's limitation against contact with the public because the DOT description states the employee "may receive payment for duplicate copies." *See* Pl.'s Brief at 21, ECF No. 9. This argument is without merit. The Eighth circuit has repeatedly held "*DOT* definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." *Moore*, 623 F.3d at 604. And here, the VE explicitly limited the job of photocopying machine operator to interoffice situations to account for the ALJ's limitation against contact with the public. R. at 752. When asked whether his testimony was consistent with the DOT, the VE noted the DOT does not "indicate the extent to which a person relates to coworkers, supervisors, or the general public." R. at 756. Thus, because the DOT provides only approximate requirements, and the VE accounted for Plaintiff's public contact limitation, there is no conflict that would require further inquiry by the ALJ. *See* R. at 28.

Accordingly, the ALJ did note err at Step Five.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: __January 2, 2024__                          /s/ Greg Kays_____
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT